UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No.:

DAVID MURR and SARAH ELIZABETH
MURR,

        Plaintiffs,

   v.

ROBERT RIVERA, individually,
ANDREW CARDARELLI, individually,
and SCOTT J. ISRAEL, as SHERIFF of
BROWARD COUNTY, Florida,

        Defendants.

_____/

## **COMPLAINT**

1.     This is a civil action seeking money damages in excess of $15,000 dollars, exclusive

of costs, interest, and attorneys' fees, against Defendant ROBERT RIVERA, individually,

ANDREW CARDARELLI, individually, and SCOTT J. ISRAEL, as SHERIFF of BROWARD

COUNTY, Florida.

2.     This action is brought pursuant to 42 U.S.C. § 1983 and § 1988, and the Fourth and

Fourteenth Amendments to the United States Constitution.  The United States District Court for the

Southern District of Florida has jurisdiction of this action under 42 U.S.C. § 1983, 28 U.S.C. § 1331,

and 28 U.S.C. § 1343.  Plaintiffs further invoke the supplemental jurisdiction of the United States

District Court to hear pendant State tort claims arising under State law, pursuant to 28 U.S.C. §

1367(a).

3.     On or before December 5, 2015, Plaintiff DAVID MURR and Plaintiff SARAH

ELIZABETH MURR served notice of claim upon Defendant SCOTT J. ISRAEL, as SHERIFF of

BROWARD COUNTY, Florida, and Jeff Atwater, as Chief Financial Officer, Florida Department of Financial Services, pursuant to §768.28 of the Florida Statutes, and have otherwise complied with all conditions precedent to the filing of this action under the laws of the state of Florida.

## PARTIES

4.     Plaintiff DAVID MURR is a resident of the state of Ohio.

5.     Plaintiff SARAH ELIZABETH MURR is a resident of Broward County, state of Florida.

6.     At all times referred to herein, Defendant ROBERT RIVERA [hereinafter Defendant RIVERA] was acting under color of law as a deputy sheriff for SCOTT J. ISRAEL, as SHERIFF of BROWARD COUNTY, Florida, and in such capacity as an agent, servant, and employee of SCOTT J. ISRAEL, as SHERIFF of BROWARD COUNTY, Florida.

7.     At all times referred to herein, Defendant ANDREW CARDARELLI [hereinafter Defendant CARDARELLI] was acting under color of law as a deputy sheriff for SCOTT J. ISRAEL, as SHERIFF of BROWARD COUNTY, Florida, and in such capacity as an agent, servant, and employee of  SCOTT J. ISRAEL, as SHERIFF of BROWARD COUNTY, Florida.

8.     Defendant SCOTT J. ISRAEL, as SHERIFF of BROWARD COUNTY, Florida, is the Sheriff of BROWARD County, Florida (hereinafter Defendant SCOTT J. ISRAEL, as SHERIFF of BROWARD COUNTY, Florida, or Defendant BROWARD COUNTY SHERIFF'S OFFICE), as organized and existing under the Constitution and laws of the State of Florida.  In this cause, Defendant BROWARD COUNTY SHERIFF'S OFFICE acted through its agents, employees, and servants, including ROBERT RIVERA,  ANDREW CARDARELLI, and others.

9.     Plaintiffs sue Defendant RIVERA and Defendant CARDARELLI in their individual capacities.

## FACTS

10.    On August 25, 2011, in *State of Florida v. Todd Hicks*, Case No. 11-13310CFCF10A, Broward County Circuit Court Judge Cynthia Imperato placed Todd Edward Hicks on eighteen (18) months probation.

11.    On May 4, 2012, Circuit Court Judge Cynthia Imperato signed a warrant for the arrest of Todd Hicks for violation of probation, insofar as Hicks failed to make restitution payments and was arrested on February 26, 2012, for driving while license suspended.

12.    At all times material hereto, Hicks was described as 5' 8" tall, and 135 lbs.

13.    The address for Todd Hicks was listed in the arrest warrant as 1001 NW 45h Avenue, Coconut Creek, Florida, 33066.

14.    At all times material hereto, the residence at 1001 NW 45th Avenue, Coconut Creek, Florida, 33066, was a single family structure owned by Michael and Twyla Murr, the parents of Plaintiff DAVID MURR and Plaintiff SARAH ELIZABETH MURR.

15.    At all times material hereto, Plaintiff DAVID MURR was an engineering student at the University of Florida, in Gainsville, Florida.

16.    At all times material hereto, Plaintiff SARAH ELIZABETH MURR was working at the medical school at the University of Miami, in Coral Gables, Florida, and was planning on attending medical school.

17.    During the period of 2011-12, while Plaintiff SARAH ELIZABETH MURR was away at college, her bedroom was occupied by Nathan Hicks.

18.    At all times material hereto, Plaintiff DAVID MURR, Plaintiff SARAH ELIZABETH MURR, and Todd Hicks, were cousins.

19.    In 2012, Todd Hicks moved out of the residence owned by Michael and Twyla Murr.

20.     Todd Hicks subsequently failed to report for probation during the months of May, June, July, and August, 2012.

21.     On August 29, 2012, an amended affidavit for violation of probation was filed alleging that Todd Hicks failed to report to his probation officer during the months of May, June, July, and August, and further alleging that Todd Hicks "did move from his last known residence at 1001 NW 45th Avenue, Coconut, Creek, FL 33066, without the consent of the probation officer, as told to this officer on July 17, 2012, by the offender's uncle, Mr. Mike Murr, and his current whereabouts is unknown."

22.     On August 30, 2012, Circuit Court Judge Cynthia Imperato signed an amended warrant for the arrest of Todd Hicks for violation of probation, adding the violations set forth in the amended affidavit.

23.     The identifying data contained in the amended warrant for violation of probation was updated to "Current Location: Unknown."

24.     The amended warrant also indicated that Todd Hicks had no history of violence, no prior history of resisting arrest, and no prior use of a weapon.

25.     Between May-December, 2012, several employees of Defendant SCOTT J. ISRAEL, as SHERIFF of BROWARD COUNTY, Florida, responded to 1001 NW 45th Avenue, Coconut, Creek, FL 33066, in an effort to arrest Todd Hicks for violation of probation, and were truthfully advised that Todd Hicks no longer resided at that address.

26.     Based on information and belief, the Warrants Division at Defendant SCOTT J. ISRAEL, as SHERIFF of BROWARD COUNTY, Florida, failed to update the records provided to Defendant CARDARELLI and Defendant RIVERA, and others, such that the "packet" provided to Defendant CARDARELLI and Defendant RIVERA failed to unequivocally indicate that Todd Hicks

no longer lived at 1001 NW 45th Avenue, Coconut, Creek, Florida.

27.     Based on information and belief, the Warrants Division at Defendant SCOTT J. ISRAEL, as SHERIFF of BROWARD COUNTY, Florida, failed to update the records provided to Defendant CARDARELLI and Defendant RIVERA, and others, such that the "packet" provided to Defendant CARDARELLI and Defendant RIVERA failed to unequivocally indicate the dates/times other deputies attempted to serve the arrest warrant on Todd Hicks at 1001 NW 45th Avenue, Coconut, Creek, Florida, but were informed that Todd Hicks no longer resided at that address.

28.     On December 11, 2012, Defendant CARDARELLI and Defendant RIVERA responded to 1001 NW 45th Avenue, Coconut, Creek, Florida, in an effort to arrest Todd Hicks for violation of probation.

29.     On December 11, 2012, Plaintiff DAVID MURR and Plaintiff SARAH ELIZABETH MURR were at their parent's residence located in Coconut Creek, Broward County, Florida.

30.     Defendant CARDARELLI positioned himself at the front door of the residence while Defendant RIVERA took a position at the rear of the residence.

31.     At all times material hereto, neither Defendant CARDARELLI nor Defendant RIVERA had a search warrant for 1001 NW 45th Avenue, Coconut, Creek, Florida.

32.     At the time of the enforcement action, Defendant CARDARELLI and Defendant RIVERA lacked a reasonable belief Todd Hicks lived at 1001 NW 45th Avenue, Coconut, Creek, Florida.

33.     At the time of the enforcement action, Defendant CARDARELLI and Defendant RIVERA lacked a reasonable belief Todd Hicks was inside 1001 NW 45th Avenue, Coconut, Creek, Florida.

34.     Defendant CARDARELLI made contact with Nathan Murr at the front door.

35.     On September 30, 2014, Defendant CARDARELLI testified that upon making contact with Nathan Murr at the front door, "I told him to step aside, we were going in.  We don't need a search warrant, we have an arrest warrant. . . .[W]e're coming in to search your house."

36.     Defendant CARDARELLI and Defendant RIVERA thereupon entered 1001 NW 45th Avenue, Coconut, Creek, Florida, without a search warrant.

37.     Both Defendant CARDARELLI and Defendant RIVERA traveled to 1001 NW 45th Avenue in an unmarked SUV, which they parked several houses down the block; they were wearing tactical gear instead of regular police uniforms.

38.     Both Plaintiff DAVID MURR and Plaintiff SARAH ELIZABETH MURR became aware of voices inside the residence and walked towards the area of the front door, whereupon they were confronted by Defendant RIVERA.

39.     Defendant RIVERA pointed a gun at DAVID MURR's head and stated: "I'll shoot you in the fucking head;" Plaintiff DAVID MURR was then held by Defendant RIVERA at gunpoint.

40.     When Plaintiff SARAH ELIZABETH MURR arrived at the area where DAVID MURR was being held at gunpoint (wearing only a bath towel), Defendant RIVERA turned the gun on SARAH ELIZABETH MURR and stated: "Don't fucking move or I'll shoot;" Plaintiff SARAH ELIZABETH MURR complied.

41.     Based on the way that Defendant RIVERA was holding his firearm, it was unclear whether Defendant RIVERA was a police officer.

42.     Both Defendant CARDARELLI and Defendant RIVERA were also using numerous profanities and acting in an extremely aggressive and threatening manner.

43.     Plaintiff DAVID MURR and Plaintiff SARAH ELIZABETH MURR could see their

brother Nathan Murr pinned against a wall by Defendant CARDARELLI.

44.     Plaintiff SARAH ELIZABETH MURR thought it was a robbery.

45.     Nathan Murr was subsequently Tasered, handcuffed, and removed from the residence by Defendant CARDARELLI and Defendant RIVERA.

46.     No additional search was made for Todd Hicks inside the residence.

47.     Plaintiff DAVID MURR called 911 in an effort to verify whether the persons who entered the residence were, in fact, police officers, and to determine whether they were acting appropriately.

48.     The 911 operator instructed DAVID MURR to exit the residence and provide the tag number on the unmarked SUV.

49.     While Plaintiff DAVID MURR was still on the phone with the 911 operator, Defendant CARDARELLI approached and angrily stated: "Where's your ID?  Where's your ID?"

50.     Plaintiff DAVID MURR explained that his identification was inside his house.

51.     Plaintiff SARAH ELIZABETH MURR asked: "Do you want me to get his ID?" Defendant CARDARELLI answered, " No."

52.     Defendant CARDARELLI then forced Plaintiff DAVID MURR to the ground and advised him he was under arrest for calling the police, stating: "What the fuck is wrong with you?"

53.     Plaintiff DAVID MURR was arrested and transported to the Broward County Jail. No criminal charges were ever filed against Plaintiff DAVID MURR.

54.     On July 28, 2015, Nathan Murr was acquitted on all charges resulting from his arrest on December 11, 2012.

55.     The conduct of Defendant CARDARELLI and Defendant RIVERA occurred under color of state law.

**CAUSES OF ACTION**

**COUNT I**
**DAVID MURR'S FOURTH AMENDMENT CLAIM AGAINST DEFENDANT**
**CARDARELLI, INDIVIDUALLY, COGNIZABLE UNDER 42 U.S.C. § 1983**
(unlawful search)

For his cause of action against Defendant CARDARELLI, individually, in Count I, DAVID MURR states:

56.     DAVID MURR realleges and adopts, as if fully set forth in Count I, the allegations of paragraphs 1 through 55.

57.     Defendant CARDARELLI entered the residence of DAVID MURR in the absence of reasonable belief that Todd Hicks resided therein, and could be located therein.

58.     The conduct of Defendant CARDARELLI, individually, was objectively unreasonable and violated DAVID MURR's clearly established rights under the Fourth and Fourteenth Amendments of the United States Constitution and 42 U.S.C. § 1983 to be secure in his house, papers, and effects, against unreasonable search and seizure.

59.     As a direct and proximate result of the acts described above, in violation of 42 U.S.C. § 1983, DAVID MURR has suffered grievously, has been brought into public scandal, and with great humiliation and mental suffering, including business reputation/goodwill.

60.     As a further direct and proximate result of the conduct of Defendant CARDARELLI, DAVID MURR suffered loss of liberty and freedom, pain and suffering, mental anguish, and loss of capacity for the enjoyment of life.  DAVID MURR's losses are either permanent or continuing and DAVID MURR will suffer the losses in the future, in violation of DAVID MURR's civil rights. DAVID MURR has also agreed to pay the undersigned a reasonable fee for his services, herein.

WHEREFORE, DAVID MURR prays:

a.      Judgment for compensatory damages in excess of $ 15,000 dollars;

b.      Judgment for exemplary damages;

c.      Cost of suit;

d.      Reasonable attorneys' fees, pursuant to 42 U.S.C. § 1988;

e.      Trial by jury as to all issues so triable; and

f.      Such other relief as this Honorable Court may deem just and appropriate.

**COUNT II**
**DAVID MURR'S FOURTH AMENDMENT CLAIM AGAINST DEFENDANT**
**RIVERA, INDIVIDUALLY, COGNIZABLE UNDER 42 U.S.C. § 1983**
(unlawful search)

For his cause of action against Defendant RIVERA, in Count II, DAVID MURR states:

61.     DAVID MURR realleges and adopts, as if fully set forth in Count II, the allegations

of paragraphs 1 through 55.

62.     Defendant RIVERA entered the curtilage and residence of DAVID MURR in the

absence of reasonable belief that Todd Hicks resided therein, and could be located therein.

63.     The conduct of Defendant RIVERA, individually, was objectively unreasonable and

violated DAVID MURR's clearly established rights under the Fourth and Fourteenth Amendments

of the United States Constitution and 42 U.S.C. § 1983 to be secure in his house, papers, and effects,

against unreasonable search and seizure.

64.     As a direct and proximate result of the acts described above, in violation of 42 U.S.C.

§ 1983, DAVID MURR has suffered grievously, has been brought into public scandal, and with great

humiliation and mental suffering, including business reputation/goodwill.

65.     As a further direct and proximate result of the conduct of Defendant RIVERA,

DAVID MURR suffered loss of liberty and freedom, pain and suffering, mental anguish, and loss

of capacity for the enjoyment of life.  DAVID MURR's losses are either permanent or continuing

and DAVID MURR will suffer the losses in the future, in violation of DAVID MURR's civil rights.

DAVID MURR has also agreed to pay the undersigned a reasonable fee for his services, herein.

WHEREFORE, DAVID MURR prays:

a.      Judgment for compensatory damages in excess of $ 15,000 dollars;

b.      Judgment for exemplary damages;

c.      Cost of suit;

d.      Reasonable attorneys' fees, pursuant to 42 U.S.C. § 1988;

e.      Trial by jury as to all issues so triable; and

f.      Such other relief as this Honorable Court may deem just and appropriate.

**COUNT III**
**SARAH ELIZABETH MURR'S FOURTH AMENDMENT CLAIM AGAINST**
**DEFENDANT CARDARELLI, INDIVIDUALLY,**
**COGNIZABLE UNDER 42 U.S.C. § 1983**
(unlawful search)

For her cause of action against Defendant CARDARELLI, individually, in Count III, SARAH

ELIZABETH MURR states:

66.      SARAH ELIZABETH MURR realleges and adopts, as if fully set forth in Count III,

the allegations of paragraphs 1 through 55.

67.      Defendant CARDARELLI entered the residence of SARAH ELIZABETH MURR

in the absence of reasonable belief that Todd Hicks resided therein, and could be located therein.

68.      The conduct of Defendant CARDARELLI, individually, was objectively unreasonable

and violated SARAH ELIZABETH MURR's clearly established rights under the Fourth and

Fourteenth Amendments of the United States Constitution and 42 U.S.C. § 1983 to be secure in his

house, papers, and effects, against unreasonable search and seizure.

69.     As a direct and proximate result of the acts described above, in violation of 42 U.S.C. § 1983, SARAH ELIZABETH MURR has suffered grievously, has been brought into public scandal, and with great humiliation and mental suffering.

70.     As a further direct and proximate result of the conduct of Defendant CARDARELLI, SARAH ELIZABETH MURR suffered loss of liberty and freedom, pain and suffering, mental anguish, and loss of capacity for the enjoyment of life.  SARAH ELIZABETH MURR's losses are either permanent or continuing and SARAH ELIZABETH MURR will suffer the losses in the future, in violation of SARAH ELIZABETH MURR's civil rights.  SARAH ELIZABETH MURR has also agreed to pay the undersigned a reasonable fee for his services, herein.

WHEREFORE, SARAH ELIZABETH MURR prays:

a.      Judgment for compensatory damages in excess of $ 15,000 dollars;

b.      Judgment for exemplary damages;

c.      Cost of suit;

d.      Reasonable attorneys' fees, pursuant to 42 U.S.C. § 1988;

e.      Trial by jury as to all issues so triable; and

f.      Such other relief as this Honorable Court may deem just and appropriate.

**COUNT IV**
**SARAH ELIZABETH MURR'S FOURTH AMENDMENT CLAIM AGAINST DEFENDANT RIVERA, INDIVIDUALLY, COGNIZABLE UNDER 42 U.S.C. § 1983**
(unlawful search)

For her cause of action against Defendant RIVERA, in Count IV, SARAH ELIZABETH MURR states:

71.     SARAH ELIZABETH MURR realleges and adopts, as if fully set forth in Count IV, the allegations of paragraphs 1 through 55.

72.     Defendant RIVERA entered the curtilage and residence of SARAH ELIZABETH MURR in the absence of reasonable belief that Todd Hicks resided therein, and could be located therein.

73.     The conduct of Defendant RIVERA, individually, was objectively unreasonable and violated SARAH ELIZABETH MURR's clearly established rights under the Fourth and Fourteenth Amendments of the United States Constitution and 42 U.S.C. § 1983 to be secure in his house, papers, and effects, against unreasonable search and seizure.

74.     As a direct and proximate result of the acts described above, in violation of 42 U.S.C. § 1983, SARAH ELIZABETH MURR has suffered grievously, has been brought into public scandal, and with great humiliation and mental suffering.

75.     As a further direct and proximate result of the conduct of Defendant RIVERA, SARAH ELIZABETH MURR suffered loss of liberty and freedom, pain and suffering, mental anguish, and loss of capacity for the enjoyment of life.  SARAH ELIZABETH MURR's losses are either permanent or continuing and SARAH ELIZABETH MURR will suffer the losses in the future, in violation of SARAH ELIZABETH MURR's civil rights.  SARAH ELIZABETH MURR has also agreed to pay the undersigned a reasonable fee for his services, herein.

WHEREFORE, SARAH ELIZABETH MURR prays:

a.     Judgment for compensatory damages in excess of $ 15,000 dollars;

b.     Judgment for exemplary damages;

c.     Cost of suit;

d.     Reasonable attorneys' fees, pursuant to 42 U.S.C. § 1988;

e.     Trial by jury as to all issues so triable; and

f.     Such other relief as this Honorable Court may deem just and appropriate.

## COUNT V
## DAVID MURR'S CUSTOM, POLICY, AND PRACTICE CLAIM AGAINST DEFENDANT SCOTT J. ISRAEL, AS SHERIFF OF BROWARD COUNTY, FLORIDA, COGNIZABLE UNDER 42 U.S.C. § 1983

For his cause of action against Defendant SCOTT J. ISRAEL, as SHERIFF of BROWARD COUNTY, FLORIDA, in Count V, DAVID MURR states:

76.     DAVID MURR realleges and adopts, as if fully set forth in Count V, the allegations of paragraphs 1 through 55.

77.     At all times material hereto, Defendant CARDARELLI and Defendant RIVERA were acting under the direction and control of Defendant SCOTT J. ISRAEL, as SHERIFF of BROWARD COUNTY, Florida, and pursuant to the customs, policies, and practices of Defendant SCOTT J. ISRAEL, as SHERIFF of BROWARD COUNTY, Florida.

78.     On August 30, 2012, Circuit Court Judge Cynthia Imperato signed an amended warrant for the arrest of Todd Hicks for violation of probation, adding the violations set forth in the amended affidavit.

79.     The identifying data contained in the amended warrant for violation of probation was updated to "Current Location: Unknown."

80.     The amended warrant also indicated that Todd Hicks had no history of violence, no prior history of resisting arrest, and no prior use of a weapon.

81.     Between May-December, 2012, several employees of Defendant SCOTT J. ISRAEL, as SHERIFF of BROWARD COUNTY, Florida, responded to 1001 NW 45th Avenue, Coconut, Creek, FL 33066, in an effort to arrest Todd Hicks for violation of probation, and were truthfully advised that Todd Hicks no longer resided at that address.

82.     Based on information and belief, the Warrants Division at Defendant SCOTT J.

ISRAEL, as SHERIFF of BROWARD COUNTY, Florida, failed to update the records provided to Defendant CARDARELLI and Defendant RIVERA, and others, such that the "packet" provided to Defendant CARDARELLI and Defendant RIVERA failed to unequivocally indicate that Todd Hicks no longer lived at 1001 NW 45th Avenue, Coconut, Creek, Florida.

83.     Based on information and belief, the Warrants Division at Defendant BROWARD SHERIFF'S OFFICE failed to update the records provided to Defendant CARDARELLI, Defendant RIVERA, and others, and such failures were widespread, pervasive, and customary, such that the "packet" provided to Defendant CARDARELLI and Defendant RIVERA, and others, failed to unequivocally state when a past known address was no longer valid.

84.     Based on information and belief, the Warrants Division at Defendant BROWARD SHERIFF'S OFFICE failed to update the records provided to Defendant CARDARELLI and Defendant RIVERA, and others, such that the "packet" provided to Defendant CARDARELLI and Defendant RIVERA failed to unequivocally indicate the dates/times other deputies attempted to serve arrest warrants on fugitives such as Todd Hicks, and others, but were informed that actual wanted person no longer resided at that address.

85.     Based on information and belief, at all times material hereto, the written customs, policies, and practices of Defendant BROWARD COUNTY SHERIFF'S OFFICE failed to  direct that a search warrant is required in addition to an arrest warrant unless there is a reasonable basis to believe that the actual wanted person resides at the residence and may be located therein.

86.     Based on information and belief, at all times material hereto, the written customs, policies, and practices of Defendant BROWARD COUNTY SHERIFF'S OFFICE failed to  direct that information indicating a person does not reside at a particular residence is insufficient to conduct a warrantless search of the residence, even in the person who is the subject of the warrant may be

located therein.

87.    The failures of Defendant SCOTT J. ISRAEL, as SHERIFF OF BROWARD COUNTY, Florida, as set forth herein, constitutes deliberate indifference to the rights of Plaintiff DAVID MURR, Plaintiff SARAH ELIZABETH MURR, and others, under the Fourth and Fourteenth Amendment.

88.    Defendant SCOTT J. ISRAEL, as SHERIFF OF BROWARD COUNTY, knew or should have known that the failures set forth herein would result in the deprivation of constitutional rights of Plaintiff DAVID MURR, Plaintiff SARAH ELIZABETH MURR, and others similarly situated, and that with appropriate policies, training, and supervision, the conduct complained of would have been prevented, in violation of Plaintiff's federally protected rights under the Fourth and Fourteenth, and 42 U.S.C. § 1983.

89.    As a direct and proximate result of the acts described above, in violation of 42 U.S.C. § 1983, DAVID MURR has suffered grievously, has been brought into public scandal, and with great humiliation and mental suffering, including business reputation/goodwill.

90.    As a further direct and proximate result of the conduct of Defendant BROWARD SHERIFF'S OFFICE, DAVID MURR suffered loss of liberty and freedom, pain and suffering, mental anguish, and loss of capacity for the enjoyment of life.  DAVID MURR's losses are either permanent or continuing and DAVID MURR will suffer the losses in the future, in violation of DAVID MURR's civil rights.  DAVID MURR has also agreed to pay the undersigned a reasonable fee for his services, herein.

WHEREFORE, DAVID MURR prays:

a.    Judgment for compensatory damages in excess of $ 15,000 dollars;

b.    Cost of suit;

c.      Reasonable attorneys' fees, pursuant to 42 U.S.C. § 1988;

d.      Trial by jury as to all issues so triable; and

e.      Such other relief as this Honorable Court may deem just and appropriate.

**COUNT VI**
**SARAH ELIZABETH MURR'S CUSTOM, POLICY, AND PRACTICE CLAIM**
**AGAINST DEFENDANT SCOTT J. ISRAEL, AS SHERIFF OF BROWARD**
**COUNTY, FLORIDA, COGNIZABLE UNDER 42 U.S.C. § 1983**

For her cause of action against Defendant SCOTT J. ISRAEL, as SHERIFF of BROWARD

COUNTY, FLORIDA, in Count VI, SARAH ELIZABETH MURR states:

91.     SARAH ELIZABETH MURR realleges and adopts, as if fully set forth in Count VI,

the allegations of paragraphs 1 through 55.

92.     At all times material hereto, Defendant CARDARELLI and Defendant RIVERA were

acting under the direction and control of Defendant SCOTT J. ISRAEL, as SHERIFF of BROWARD

COUNTY,  Florida, and pursuant to the customs, policies, and practices of Defendant SCOTT J.

ISRAEL, as SHERIFF of BROWARD COUNTY,  Florida.

93.     On August 30, 2012, Circuit Court Judge Cynthia Imperato signed an amended

warrant for the arrest of Todd Hicks for violation of probation, adding the violations set forth in the

amended affidavit.

94.     The identifying data contained in the amended warrant for violation of probation was

updated to "Current Location: Unknown."

95.     The amended warrant also indicated that Todd Hicks had no history of violence, no

prior history of resisting arrest, and no prior use of a weapon.

96.     Between May-December, 2012, several employees of Defendant SCOTT J. ISRAEL,

as SHERIFF of BROWARD COUNTY, Florida, responded to 1001 NW 45th Avenue, Coconut,

Creek, FL 33066, in an effort to arrest Todd Hicks for violation of probation, and were truthfully advised that Todd Hicks no longer resided at that address.

97.   Based on information and belief, the Warrants Division at Defendant SCOTT J. ISRAEL, as SHERIFF of BROWARD COUNTY, Florida, failed to update the records provided to Defendant CARDARELLI and Defendant RIVERA, and others, such that the "packet" provided to Defendant CARDARELLI and Defendant RIVERA failed to unequivocally indicate that Todd Hicks no longer lived at 1001 NW 45th Avenue, Coconut, Creek, Florida.

98.   Based on information and belief, the Warrants Division at Defendant BROWARD SHERIFF'S OFFICE failed to update the records provided to Defendant CARDARELLI, Defendant RIVERA, and others, and such failures were widespread, pervasive, and customary, such that the "packet" provided to Defendant CARDARELLI and Defendant RIVERA, and others, failed to unequivocally state when a past known address was no longer valid.

99.   Based on information and belief, the Warrants Division at Defendant BROWARD SHERIFF'S OFFICE failed to update the records provided to Defendant CARDARELLI and Defendant RIVERA, and others, such that the "packet" provided to Defendant CARDARELLI and Defendant RIVERA failed to unequivocally indicate the dates/times other deputies attempted to serve arrest warrants on fugitives such as Todd Hicks, and others, but were informed that actual wanted person no longer resided at that address.

100.   Based on information and belief, at all times material hereto, the written customs, policies, and practices of Defendant BROWARD COUNTY SHERIFF'S OFFICE failed to  direct that a search warrant is required in addition to an arrest warrant unless there is a reasonable basis to believe that the actual wanted person resides at the residence and may be located therein.

101.   Based on information and belief, at all times material hereto, the written customs,

policies, and practices of Defendant BROWARD COUNTY SHERIFF'S OFFICE failed to direct that information indicating a person does not reside at a particular residence is insufficient to conduct a warrantless search of the residence, even in the person who is the subject of the warrant may be located therein.

102. The failures of Defendant SCOTT J. ISRAEL, as SHERIFF OF BROWARD COUNTY, Florida, as set forth herein, constitutes deliberate indifference to the rights of Plaintiff DAVID MURR, Plaintiff SARAH ELIZABETH MURR, and others, under the Fourth and Fourteenth Amendment.

103. Defendant SCOTT J. ISRAEL, as SHERIFF OF BROWARD COUNTY, knew or should have known that the failures set forth herein would result in the deprivation of constitutional rights of Plaintiff DAVID MURR, Plaintiff SARAH ELIZABETH MURR, and others similarly situated, and that with appropriate policies, training, and supervision, the conduct complained of would have been prevented, in violation of Plaintiff's federally protected rights under the Fourth and Fourteenth, and 42 U.S.C. § 1983.

104. As a direct and proximate result of the acts described above, in violation of 42 U.S.C. § 1983, SARAH ELIZABETH MURR has suffered grievously, has been brought into public scandal, and with great humiliation and mental suffering.

105. As a further direct and proximate result of the conduct of Defendant BROWARD SHERIFF'S OFFICE, SARAH ELIZABETH MURR suffered loss of liberty and freedom, pain and suffering, mental anguish, and loss of capacity for the enjoyment of life. SARAH ELIZABETH MURR's losses are either permanent or continuing and SARAH ELIZABETH MURR will suffer the losses in the future, in violation of SARAH ELIZABETH MURR's civil rights. SARAH ELIZABETH MURR has also agreed to pay the undersigned a reasonable fee for his services, herein.

WHEREFORE, SARAH ELIZABETH MURR prays:

a.      Judgment for compensatory damages in excess of $ 15,000 dollars;

b.      Cost of suit;

c.      Reasonable attorneys' fees, pursuant to 42 U.S.C. § 1988;

d.      Trial by jury as to all issues so triable; and

e.      Such other relief as this Honorable Court may deem just and appropriate.

**COUNT VII**
**DAVID MURR'S FOURTH AMENDMENT CLAIM AGAINST DEFENDANT RIVERA**
**INDIVIDUALLY, COGNIZABLE UNDER 42 U.S.C. § 1983**
(temporary detention)

For his cause of action against Defendant RIVERA, individually, in Count VII, DAVID MURR states:

106.    DAVID MURR realleges and adopts, as if fully set forth in Count VII, the allegations of paragraphs 1 through 55.

107.    Defendant RIVERA subjected DAVID MURR to temporary detention in the absence of reasonable suspicion that DAVID MURR had committed, was committing, or was about to commit any criminal offense.

108.    The conduct of Defendant RIVERA towards DAVID MURR was objectively unreasonable, in violation of DAVID MURR's clearly established rights under the Fourth and Fourteenth Amendments and 42 U.S.C. § 1983 to be free from temporary detention in the absence of reasonable suspicion that DAVID MURR committed any criminal offense.

109.    As a direct and proximate result of the acts described above, in violation of 42 U.S.C. § 1983, DAVID MURR has suffered grievously, has been brought into public scandal, and with great humiliation, mental suffering, and damaged reputation, including business reputation/goodwill.

110.    As a further direct and proximate result of the conduct of Defendant RIVERA,

DAVID MURR suffered loss of liberty and freedom, pain and suffering, mental anguish, and loss of capacity for the enjoyment of life.  DAVID MURR's losses are either permanent or continuing and DAVID MURR will suffer the losses in the future, in violation of DAVID MURR's civil rights. DAVID MURR has also agreed to pay the undersigned a reasonable fee for his services, herein.

WHEREFORE, DAVID MURR prays:

a.    Judgment for compensatory damages in excess of $ 15,000 dollars;

b.    Judgment for exemplary damages;

c.    Cost of suit;

d.    Reasonable attorneys' fees, pursuant to 42 U.S.C. § 1988;

e.    Trial by jury as to all issues so triable; and

f.    Such other relief as this Honorable Court may deem just and appropriate.

### COUNT VIII
### SARAH ELIZABETH MURR'S FOURTH AMENDMENT CLAIM AGAINST DEFENDANT RIVERA INDIVIDUALLY, COGNIZABLE UNDER 42 U.S.C. § 1983
(temporary detention)

For her cause of action against Defendant RIVERA, individually, in Count VIII, SARAH ELIZABETH MURR states:

111.    SARAH ELIZABETH MURR realleges and adopts, as if fully set forth in Count VIII, the allegations of paragraphs 1 through 55.

112.    Defendant RIVERA subjected SARAH ELIZABETH MURR to temporary detention in the absence of reasonable suspicion that SARAH ELIZABETH MURR had committed, was committing, or was about to commit any criminal offense.

113.    The conduct of Defendant RIVERA towards SARAH ELIZABETH MURR was objectively unreasonable, in violation of SARAH ELIZABETH MURR's clearly established rights under the Fourth and Fourteenth Amendments and 42 U.S.C. § 1983 to be free from temporary

detention in the absence of reasonable suspicion that SARAH ELIZABETH MURR committed any criminal offense.

114.    As a direct and proximate result of the acts described above, in violation of 42 U.S.C. § 1983, SARAH ELIZABETH MURR has suffered grievously, has been brought into public scandal, and with great humiliation, mental suffering, and damaged reputation.

115.    As a further direct and proximate result of the conduct of Defendant RIVERA, SARAH ELIZABETH MURR suffered loss of liberty and freedom, pain and suffering, mental anguish, and loss of capacity for the enjoyment of life.  SARAH ELIZABETH MURR's losses are either permanent or continuing and SARAH ELIZABETH MURR will suffer the losses in the future, in violation of SARAH ELIZABETH MURR's civil rights.  SARAH ELIZABETH MURR has also agreed to pay the undersigned a reasonable fee for his services, herein.

WHEREFORE, SARAH ELIZABETH MURR prays:

a.    Judgment for compensatory damages in excess of $ 15,000 dollars;

b.    Judgment for exemplary damages;

c.    Cost of suit;

d.    Reasonable attorneys' fees, pursuant to 42 U.S.C. § 1988;

e.    Trial by jury as to all issues so triable; and

f.    Such other relief as this Honorable Court may deem just and appropriate.

## COUNT IX
## DAVID MURR'S FIRST AMENDMENT FREE SPEECH RETALIATION CLAIM AGAINST DEFENDANT CARDARELLI, INDIVIDUALLY, COGNIZABLE UNDER 42 U.S.C. § 1983

For his cause of action against Defendant CARDARELLI, individually, in Count IX, DAVID MURR states:

116.    DAVID MURR realleges and adopts, as if fully set forth in Count IX, the allegations

of paragraphs 1 through 55.

117.    DAVID MURR's arrest by Defendant CARDARELLI was in retaliation for DAVID MURR's protected speech under the First Amendment.

118.    The arrest of DAVID MURR by Defendant CARDARELLI occurred in the absence of probable cause that DAVID MURR committed any criminal offense, and under circumstances likely to deter a person of ordinary firmness from the exercise of First Amendment rights.  The conduct of Defendant CARDARELLI towards DAVID MURR constitutes unlawful retaliation in violation of DAVID MURR's clearly established rights under the First and Fourteenth Amendments, and 42 U.S.C. § 1983.

119.    As a direct and proximate result of the acts described above, in violation of 42 U.S.C. § 1983, DAVID MURR has suffered grievously, has been brought into public scandal, and with great humiliation, mental suffering, and damaged reputation, including business reputation/goodwill.

120.    As a further direct and proximate result of the conduct of Defendant CARDARELLI, DAVID MURR suffered loss of liberty and freedom, mental anguish, and loss of capacity for the enjoyment of life.  The losses are either permanent or continuing and DAVID MURR will suffer the losses in the future, in violation of DAVID MURR's civil rights.  DAVID MURR has also agreed to pay the undersigned a reasonable fee for his services herein.

WHEREFORE, DAVID MURR prays:

    i.     Judgment for compensatory damages in excess of $ 15,000 dollars;

    ii.    Judgment for exemplary damages;

    iii.   Cost of suit;

    iv.    Reasonable attorney's fees, pursuant to 42 U.S.C. § 1988;

    v.    Trial by jury as to all issues so triable; and

vi.     Such other relief as this Honorable Court may deem just and appropriate.

### COUNT X
### DAVID MURR'S FALSE ARREST/FALSE IMPRISONMENT CLAIM
### AGAINST DEFENDANT BROWARD COUNTY SHERIFF'S OFFICE

For his cause of action against Defendant BROWARD COUNTY SHERIFF'S OFFICE in Count X, DAVID MURR states:

121.    DAVID MURR realleges and adopts, as if fully set forth in Count X, the allegations of paragraphs 1 through 55.

122.    Defendant CARDARELLI proximately caused DAVID MURR's arrest in the absence of probable cause that DAVID MURR committed any criminal offense.  The actions of Defendant CARDARELLI, in causing the arrest of DAVID MURR in the absence of probable cause, were taken in the absence of lawful authority.

123.    The actions of Defendant CARDARELLI constitute false arrest/false imprisonment of DAVID MURR under Florida law.

124.    The false arrest/false imprisonment of DAVID MURR was committed by Defendant CARDARELLI in the course and scope of his employment as a deputy sheriff for Defendant BROWARD COUNTY SHERIFF'S OFFICE.

125.    As a direct and proximate result of the acts described above, DAVID MURR has suffered grievously, has been brought into public scandal, and with great humiliation, mental suffering, and damaged reputation, including business reputation/goodwill.

126.    As a further direct and proximate result of the conduct of Defendant BROWARD COUNTY SHERIFF'S OFFICE, DAVID MURR suffered loss of liberty and freedom, pain and suffering, mental anguish, and loss of capacity for the enjoyment of life.  DAVID MURR's losses are either permanent or continuing and DAVID MURR will suffer the losses in the future, in

violation of DAVID MURR's rights.

WHEREFORE, DAVID MURR prays:

a.      Judgment for compensatory damages in excess of $ 15,000 dollars;

b.      Cost of suit;

c.      Trial by jury as to all issues so triable; and

d.      Such other relief as this Honorable Court may deem just and appropriate.

**COUNT XI**
**DAVID MURR'S FALSE ARREST/FALSE IMPRISONMENT CLAIM**
**AGAINST DEFENDANT CARDARELLI , INDIVIDUALLY**

For his cause of action against Defendant CARDARELLI, individually, in Count XI , DAVID

MURR states:

127.    DAVID MURR realleges and adopts, as if fully set forth in Count XI the allegations

of paragraphs 1 through 55.

128.    Defendant CARDARELLI proximately caused DAVID MURR's arrest in the absence

of probable cause that DAVID MURR committed any criminal offense.

129.    The conduct of Defendant CARDARELLI, in causing the arrest of DAVID MURR

in the absence of probable cause, was taken in the absence of lawful authority.  The conduct of

Defendant CARDARELLI constitutes false arrest/false imprisonment of DAVID MURR under

Florida law.

130.    Alternatively to the allegations set forth in Count X, if the false arrest/false

imprisonment of DAVID MURR by Defendant CARDARELLI was committed outside the course

and scope of Defendant CARDARELLI's employment, or in bad faith or with malicious purpose or

in a manner exhibiting wanton and willful disregard of human rights, safety, or property, the conduct

of Defendant CARDARELLI occurred in his individual capacity.

131.     As a direct and proximate result of the acts described above, DAVID MURR has suffered grievously and has been brought into public scandal, with great humiliation, mental suffering and damaged reputation, including business reputation/goodwill.

132.     As a further direct and proximate result of the conduct of Defendant CARDARELLI, DAVID MURR suffered loss of his liberty and freedom, mental anguish, and loss of capacity for the enjoyment of life.   DAVID MURR's losses are either permanent or continuing and DAVID MURR will suffer the losses in the future, in violation of DAVID MURR's rights.

WHEREFORE, DAVID MURR prays:

     i.     Judgment for compensatory damages in excess of $ 15,000 dollars;

     ii.     Judgment for exemplary damages;

     iii.     Cost of suit;

     iv.     Trial by jury as to all issues so triable; and

     v.     Such other relief as this Honorable Court may deem just and appropriate.

**COUNT XII**
**DAVID MURR'S INVASION OF PRIVACY CLAIM**
**AGAINST DEFENDANT BROWARD COUNTY SHERIFF'S OFFICE**

For his cause of action against Defendant BROWARD COUNTY SHERIFF'S OFFICE, in Count XII, DAVID MURR states:

133.     DAVID MURR realleges and adopts, as if fully set forth in Count XII, the allegations of paragraphs 1 through 55.

134.     Defendant CARDARELLI and Defendant RIVERA entered the curtilage and residence of DAVID MURR in the absence of reasonable belief that Todd Hicks resided therein, and could be located therein.

135.     While inside the residence of DAVID MURR, a loaded firearm was pointed directly

at DAVID MURR and SARAH ELIZABETH MURR, lethal force was threatened, and DAVID MURR was subjected to the repeated and gratuitous use of vulgar and offensive language.

136.    The conduct of Defendant CARDARELLI and Defendant RIVERA was objectively unreasonable, and caused DAVID MURR outrage, mental suffering, shame, and humiliation, and was undertaken in such a manner as to cause outrage, or mental suffering, shame, or humiliation, to a person of ordinary sensibilities.

137.    The conduct set forth herein constitutes an invasion upon DAVID MURR's physical solitude or seclusion, and constitutes invasion of privacy.

138.    The invasion of privacy proximately caused by Defendant CARDARELLI and Defendant RIVERA against DAVID MURR was committed by Defendant CARDARELLI and Defendant RIVERA in the course and scope of their employment as deputy sheriffs for Defendant BROWARD COUNTY SHERIFF'S OFFICE.

139.    As a direct and proximate result of the acts described above, DAVID MURR has suffered grievously, has been brought into public scandal, and with great humiliation, mental suffering, and damaged reputation, including business reputation/goodwill.

140.    As a further direct and proximate result of the conduct of Defendant BROWARD COUNTY SHERIFF'S OFFICE, DAVID MURR suffered loss of liberty and freedom, pain and suffering, mental anguish, and loss of capacity for the enjoyment of life.  DAVID MURR's losses are either permanent or continuing and DAVID MURR will suffer the losses in the future, in violation of DAVID MURR's rights.

WHEREFORE, DAVID MURR prays:

a.    Judgment for compensatory damages in excess of $ 15,000 dollars;

b.    Cost of suit;

c.  Trial by jury as to all issues so triable; and

d.  Such other relief as this Honorable Court may deem just and appropriate.

## COUNT XIII
## SARAH ELIZABETH MURR'S INVASION OF PRIVACY CLAIM
## AGAINST DEFENDANT BROWARD COUNTY SHERIFF'S OFFICE

For her cause of action against Defendant BROWARD COUNTY SHERIFF'S OFFICE, in Count

XIII, SARAH ELIZABETH MURR states:

141.  SARAH ELIZABETH MURR realleges and adopts, as if fully set forth in Count XIII,

the allegations of paragraphs 1 through 55.

142.  Defendant CARDARELLI and Defendant RIVERA entered the curtilage and

residence of SARAH ELIZABETH MURR in the absence of reasonable belief that Todd Hicks

resided therein, and could be located therein.

143.  While inside the residence of SARAH ELIZABETH MURR, a loaded firearm was

pointed directly at DAVID MURR and SARAH ELIZABETH MURR, lethal force was threatened,

and SARAH ELIZABETH MURR was subjected to the repeated and gratuitous use of vulgar and

offensive language.

144.  The conduct of Defendant CARDARELLI and Defendant RIVERA was objectively

unreasonable, and caused DAVID MURR outrage, mental suffering, shame, and humiliation, and

was undertaken in such a manner as to cause outrage, or mental suffering, shame, or humiliation, to

a person of ordinary sensibilities.

145.  The conduct set forth herein constitutes an invasion upon SARAH ELIZABETH

MURR's physical solitude or seclusion, and constitutes invasion of privacy.

146.  The invasion of privacy proximately caused by Defendant CARDARELLI and

Defendant RIVERA against SARAH ELIZABETH MURR was committed by Defendant

CARDARELLI and Defendant RIVERA in the course and scope of their employment as deputy sheriffs for Defendant BROWARD COUNTY SHERIFF'S OFFICE.

147.    As a direct and proximate result of the acts described above, SARAH ELIZABETH MURR has suffered grievously, has been brought into public scandal, and with great humiliation, mental suffering, and damaged reputation.

148.    As a further direct and proximate result of the conduct of Defendant BROWARD COUNTY SHERIFF'S OFFICE, SARAH ELIZABETH MURR suffered loss of liberty and freedom, pain and suffering, mental anguish, and loss of capacity for the enjoyment of life.  SARAH ELIZABETH MURR's losses are either permanent or continuing and SARAH ELIZABETH MURR will suffer the losses in the future, in violation of SARAH ELIZABETH MURR's rights.

WHEREFORE, SARAH ELIZABETH MURR prays:

a.      Judgment for compensatory damages in excess of $ 15,000 dollars;

b.      Cost of suit;

c.      Trial by jury as to all issues so triable; and

d.      Such other relief as this Honorable Court may deem just and appropriate.

## DEMAND FOR JURY TRIAL

149.    DAVID MURR and SARAH ELIZABETH MURR demand trial by jury on all issues so triable as of right.

**DATED** this __9th__ day of December, 2016.

By: *s/. Hugh L. Koerner*
Hugh L. Koerner
Florida Bar No.: 716952
TRIAL COUNSEL
Email: hlklaw@hughkoerner.com
Hugh L. Koerner, P.A.
Sheridan Executive Centre
3475 Sheridan Street, Suite 208
Hollywood, FL 33021
Telephone:  (954) 522-1235
Facsimile:  (954) 522-1176
*Attorneys for Plaintiffs David Murr and Sarah Elizabeth Murr*